**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-5144**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ALDO CESAR RUIZ,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:08-cr-00126-F-1)

———————————

Submitted: January 14, 2010     Decided: February 16, 2010

———————————

Before MICHAEL, KING, and GREGORY, Circuit Judges.

———————————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aldo Cesar Ruiz pled guilty pursuant to a written plea agreement to one count of manufacturing child pornography in violation of 18 U.S.C.A. § 2251(a) (West Supp. 2009), and was sentenced to 300 months of imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the following issue: whether the district court imposed an unreasonable sentence by failing to consider all the 18 U.S.C. § 3553(a) (2006) factors, failing to adequately explain the sentence imposed, and treating the unreasonably high advisory Sentencing Guidelines range as presumptively reasonable. Ruiz, informed of his right to file a pro se supplemental brief, has not done so. The Government has filed a motion to dismiss, as waived, the appeal of Ruiz's sentence. For the reasons that follow, we dismiss the appeal of Ruiz's sentence and affirm his conviction.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 52 (4th Cir. 1990). A waiver will preclude appeal of specific issues if the waiver is valid and the issues are within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a

2

defendant validly waived his right to appeal is a question of law that we review de novo. Id.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court specifically questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

We have reviewed the record and conclude that Ruiz knowingly and intelligently entered into the plea agreement and understood the appellate waiver, and that the issue raised by counsel is within the scope of that waiver. Ruiz waived his right to appeal any sentence not in excess of a sentence imposed within the advisory Sentencing Guidelines range, and the sentence imposed was within that range. Therefore, we grant the Government's motion to dismiss the appeal of Ruiz's sentence.

3

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Ruiz's conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>